IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATE BRAVERMAN,

      Plaintiff,

vs.                                                                                              No. CIV 11-0829 JB/WDS

THE STATE OF NEW MEXICO,
THE HONORABLE SARAH SINGLETON, and
JAMES HALL

      Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING ALAN GOLDSTEIN'S MOTION TO INTERVENE AS MOOT

**THIS MATTER** comes before the Court on Alan H. Goldstein's Motion to Intervene, filed September 23, 2011 (Doc. 8).  Plaintiff Kate Braverman did not file a written response in opposition to the motion.   At the Court's hearing on September 26, 2011, Braverman informed the Court that she opposes Goldstein's Motion to Intervene.  See Transcript of Hearing at 3:17-25, 5:5-6:20, (September 26, 2011)(Boyle)("Tr.").[1]  Braverman argues that Goldstein's Motion to Intervene does not meet the requirements for intervention laid out in rule 24 of the Federal Rules of Civil Procedure.  See Tr. At 5:5-25.

Goldstein asserts that he is a real party in interest to Braverman's litigation in federal court. See Motion to Intervene ¶ 2, at 1.  Goldstein and Braverman are the parties to the divorce proceeding that Braverman requested the Court to enjoin.  See Motion to Intervene ¶ 2, at 1.  Goldstein argues that his interest arises from Braverman's request that the Court enjoin the Honorable Sarah Singleton, District Judge, First Judicial District, State of New Mexico's orders regarding

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Braverman's assets; Judge Singleton has ordered a spousal award of $307.672.00 to Goldstein from Braverman's accounts with LPL Financial Corporation. See Motion to Intervene ¶ 4, at 2. Goldstein asserts that if the Court enjoins Judge Singleton's orders, his interest will be harmed, as he may not be able to receive his spousal award. See Motion to Intervene ¶ 5, at 3.

On September 30, 2012 the Court entered a Memorandum Opinion and Order (Doc. 54) ("MOO") granting in part the State Defendants' Motion to Dismiss. The Court dismissed Braverman's request for injunctive relief against the State Defendants.[2] See MOO at 50-51. The Court stayed Braverman's claims for damages under the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12213 ("ADA"). See MOO at 50-51. The Court, thus, has ruled that it will not enjoin the actions of Judge Singleton, including those that enforce Goldstein's award in Braverman's divorce proceeding. Goldstein's Motion to Intervene is therefore moot, because the claims which Goldstein assert implicate his interest are now no longer before the Court. See Hamdan v. Chertoff, 626 F.Supp. 2d 1119, 1125 (D.N.M. 2007)(Browning, J.)("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."). Accordingly, the Court finds Goldstein's Motion to Intervene is moot. If Goldstein believes that he needs to intervene in the remaining damages claim under the ADA, to protect his interests, he is free to revive his motion. At the time he filed his motion, these claims against the State Defendants were not in the case, so Goldstein did not discuss his interest in those claims. The Court does not, on its own, see any interest of Goldstein's in Braverman's claims for damages under the ADA.

**IT IS ORDERED** that Alan Goldstein's Motion to Intervene is denied as moot.

---

[2]The "State Defendants" refers collectively to The State of New Mexico, Judge Singleton, and Special Master Hall.

                                                                         _____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Kate Braverman
Santa Fe, New Mexico

    *Plaintiff pro se*

Gary K. King
  Attorney General of New Mexico
Scott Fuqua
  Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendants State of New Mexico, Judge Sarah Singleton, and Special Master James Hall*

Richard S. Lees
Richard S. Lees, P.A.
Santa Fe, New Mexico

    *Attorney for Proposed Intervenor Alan H. Goldstein*

Ross Crown
Lewis and Roca, LLP
Albuquerque, New Mexico

    *Attorney for dismissed Defendant LPL Financial*