IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATE BRAVERMAN,

    Plaintiff,

vs.                                                                          No. CIV 11-0829 JB/WDS

THE STATE OF NEW MEXICO,
THE HONORABLE SARAH SINGLETON, and
JAMES HALL

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Plaintiff's Motion for Declaratory Relief pursuant to 28 U.S.C. §2201. (Doc. 37) and Defendants' Response thereto. (Doc. 42) Having reviewed the Motion, the Response, the record, and the law, this Court recommends that Plaintiff's motion be denied without prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a divorce proceeding in the First Judicial District. At the time of the filing of this matter, Defendant Judge Singleton presided over that case, and former Judge James Hall was assigned as a special master. Plaintiff's First Amended Complaint (Doc. 21) arose out of her dissatisfaction with proposed findings of fact made by Hall and rulings made by Judge Singleton. Plaintiff's objections to the actions of Hall and Singleton are exhaustively catalogued

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

in District Judge James O. Browning's September 30, 2012 Memorandum Opinion and Order granting in part and denying in part the State Defendants' Motion to Dismiss. (Doc. 55)("MOO") For the purpose of this Report and Recommendation, it is sufficient to note that Plaintiff particularly objected to an order concerning the distribution of property between Plaintiff and her ex-husband, *see*, First Amended Complaint ¶¶ 24-28, and an order permitting inspection of her residence by her ex-husband and his attorney. *See*, First Amended Complaint ¶39. In her First Amended Complaint, Plaintiff sought a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting Defendant State of New Mexico acting through its agents Singleton and Hall from taking any action that would have the effect of transferring Plaintiff's assets to her ex-husband. Plaintiff also sought money damages from defendants. *See*, First Amended Complaint at 18-19.

In deciding Defendants' Motion to Dismiss, Judge Browning ruled that the Court must abstain, under the *Younger v. Harris*[2] abstention doctrine, from entertaining Plaintiff's First Amended Complaint. The basis for the abstention was that any action by the federal court would interfere with an ongoing state court proceeding because Braverman sought to enjoin the actions of Judge Singleton in adjudicating Braverman's divorce from Goldstein. *See* MOO at 42.

On the other hand, the Court found that Plaintiff's claims for compensatory and punitive damages were not subject to dismissal under the *Younger v. Harris* abstention doctrine, but should be stayed pending resolution of her state court litigation. *See* MOO at 35, 51.

In the instant Motion for Declaratory Relief, which was filed by Plaintiff while the Motion to Dismiss was still pending, Plaintiff first asks that the Court enter a declaratory judgment declaring that two domestic relations statutes, NMSA §§40-3-3 and 40-4-7, are unconstitutional. *See* Motion

---

[2]*Younger v. Harris*, 401 U.S. 37 (1971)

at ¶¶5-10.  The former statute provides for the inspection of property to which Plaintiff objected in her first amended complaint.  The latter statute was the basis for Judge Singleton's order regarding distribution of property, to which Plaintiff vigorously objected in her first amended complaint.  Second, Plaintiff alleges in her motion that Singleton and Hall, acting in their official capacities, treated Plaintiff differently than similarly situated citizens who do not suffer from bi-polar disorder, thereby violating her Fourteenth Amendment right to equal protection.  *See* Motion ¶ 21.  Accordingly, Plaintiff asks the Court to declare that the individual Defendants acted unconstitutionally in discriminating against Plaintiff.

Defendants filed a brief in opposition to Plaintiff's motion, correctly noting that this case was on appeal to the Tenth Circuit at that time, and otherwise opposing the motion on its merits.  The Defendants filed their response before filing of the MOO granting in part and denying in part their motion to dismiss.

## ANALYSIS

In the Memorandum Opinion and Order granting in part and denying in part the State Defendants' Motion to Dismiss, (Doc. 55) the Court concluded that it must abstain, under *Younger v. Harris,* from entertaining Plaintiff's First Amended Complaint because the State of New Mexico had a prevailing interest in the orderly conduct of ongoing state court divorce proceedings:

> The Tenth Circuit has recognized that domestic relations can provide an important state interest in ongoing state proceedings such that the federal courts should abstain under *Younger v. Harris*. See *Morrow v. Winslow*, 94 F.3d at 1397. In *Morrow v. Winslow*, the ongoing state proceeding involved an adoption, and the state-court judge was named as a defendant in the federal proceeding. *See* 94 F.3d at 1397. The Tenth Circuit stated that "[t]he state, although not a party, obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interests of the child and the family relationship." 94 F.3d at 1397. Similar concerns are present when the state court proceeding involves a divorce; the state court must look to the equities involved and determine how to divide marital assets, while protecting both parties' interests. The case before the Court implicates

>an important state interest -- New Mexico's interest in domestic relations – because Braverman seeks to enjoin New Mexico's resolution of her divorce with Goldstein.

*See*, MOO at 44.  The Court also found that there were not any extraordinary circumstances present which would make New Mexico state courts unable to give Braverman a full and fair hearing on her federal claims.  *Id.* at 50.  Accordingly, the Court dismissed without prejudice all of Plaintiff's non-monetary claims and stayed the case.  Only Plaintiff's claims for compensatory and punitive damages survive in this case, as the Court found that those claims were not subject to dismissal under *Younger v. Harris* abstention.  *Id.* at 50-51.

For the reasons set forth in that Memorandum Opinion and Order, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Declaratory Judgment also be denied without prejudice.  Plaintiff's Motion for Declaratory relief does not seek monetary damages.  Instead, the instant motion presents claims for equitable relief that mirror the portions of Plaintiff's First Amended Complaint that the Court dismissed without prejudice for lack of jurisdiction under the *Younger* abstention doctrine.  In the Court's opinion the September 30, 2013 Memorandum Opinion and Order that dismissed Plaintiff's non-monetary claims without prejudice encompassed the non-monetary claims for relief set forth in the instant motion.  Accordingly, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Declaratory Judgment also be denied without prejudice under the *Younger* abstention doctrine.

_____
W. Daniel Schneider
United States Magistrate Judge