IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATE BRAVERMAN,

                    Plaintiff,

    vs.                                       CIVIL NO.  11-829 JB/LFG

STATE OF NEW MEXICO,
SARAH SINGLETON, and
JAMES HALL,

                    Defendants.

## ORDER TO SHOW CAUSE

This lawsuit arose out of ongoing divorce proceedings in a New Mexico State court between *pro se* Plaintiff Kate Braverman ("Braverman") and her former husband, Alan Goldstein.  The issues in the litigation were related to money involving Braverman's inheritance from her mother, which Braverman claims was separate property.  She takes displeasure with State District Judge Sarah Singleton's rulings in her divorce case, as well decisions made by retired State District Judge James Hall, who was appointed as Special Master in the divorce proceedings.  [*See* Doc. 21].

Braverman contends that the District Judge, Special Master and their employer, the State of New Mexico, violated her constitutional or federally protected rights, specifically, federal rights intended to protect a class of persons with physical disabilities.  She sought injunctive relief against Judge Singleton and Special Master Hall, and monetary damages against Judge Singleton, Special Master Hall and their employer, the State of New Mexico.

Braverman was originally represented by counsel, but subsequent to Braverman dismissing her own attorney, the trial Court referred this case to Magistrate Judge W. Daniel Schneider to issue a report and recommendation as to the appropriate disposition of the case.  [Doc. 47]  The Court,

however, stated in the Order of Reference that it would decide Braverman's second motion for a temporary restraining order.

The Court subsequently issued two opinions with reference to the second motion for restraining order and Defendants' motion to dismiss [Docs. 53, 55].  The Court concluded that the federal Court should abstain from acting on this case pursuant to Younger v. Harris, 401 U.S. 37 (1971); and, therefore, dismissed Braverman's claims for injunctive relief [Doc. 55, at 41].  The Court also adopted the Magistrate Judge Schneider's Report and Recommendation denying Braverman's motion for declaratory judgment [Doc. 60].  The Court, however, stayed Braverman's claim for monetary damages against the judicial officers and the State pending conclusion of the State court litigation.  [Doc. 55, at 50-51].

The State court issued a final judgment on the domestic relations matter and Braverman appealed.  However, in October 2012, the State of New Mexico, Judge Singleton and Special Master Hall filed a notice alerting this Court that Braverman and her ex-husband dismissed the appeal of the domestic relations matter by stipulation.  [Doc. 56].  Thus, the State litigation is at an end.

With the dismissal of the State litigation, the monetary claims which were stayed are now before the Court.  The Court notes, however, that in its order denying the motion for injunctive relief, it found that Braverman was unlikely to succeed on the monetary claims because of judicial immunity and quasi judicial immunity.

## Judicial Immunity

A judge enjoys absolute immunity from damages arising out of actions taken in his or her judicial capacity.  Stump v. Sparkman, 435 U.S. 349, 359, *reh'g denied*, 436 U.S. 951 (1978).  Judges are protected by absolute immunity for judicial acts, except when they act in the clear absence of all jurisdiction.  Id. at 356-57 n. 7; Whitesel v. Sengenburger, 222 F.3d 861, 867 (10th

Cir. 2000).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for acts committed within their judicial discretion."  Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967)).

Judicial immunity applies for the benefit of the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequence." Pierson, 386 U.S. at 553-54 (internal citation omitted);  see also Whitesel, 222 F.3d at 867 (same). This is true,  even when, as here, a dissatisfied litigant seeks another forum to obtain relief from a court's adverse rulings.

Braverman's allegations against Judge Singleton and Special Master Hall clearly arise from the judicial officers' orders issued in a case before them and well within their jurisdiction.  Judge Singleton is a State District Judge and domestic matters come within the jurisdiction of the State court.  See Hopkins v. Hopkins, 109 N.M. 233, 236 (Ct. App. 1989).  Pursuant to Rule 1-053 NMRA, special masters may be appointed by the court to assist in making preliminary determinations or issuing report and recommendations to the court.  There is no contention that the actions taken by either Judge Singleton or Special Master Hall were in the clear absence of all jurisdiction.  See Stump, 435 U.S. at 356-57 n. 7.  To the contrary, the record is clear that Judge Singleton and Special Master Hall acted on matters within the court's jurisdiction.  See N.M.S.A. 1978 § 40-4-1, et seq.

Given the status of the law on judicial immunity and Braverman's allegations challenging judicial officers' rulings, the Court is inclined to recommend that Braverman's claims against both judicial officer Defendants be dismissed with prejudice.

**Eleventh Amendment Immunity**

The claims against the State of New Mexico are also for monetary damages.  A state, however, cannot be sued for monetary damages in a federal forum, as the state is immune under the Eleventh Amendment.  Edelman v. Jordan, 415 U.S. 651, 662-63, *reh'g denied,* 416 U.S. 1000 (1974); Bd. of Trustees v. Garrett, 531 U.S. 356 (2001) (holding suits against states for monetary damages under the ADA are barred by the Eleventh Amendment).  Moreover, to the extent Braverman seeks to rely on federally protected rights arising under the Americans with Disabilities Act, or contends that Defendants acted under color of law, federal law clearly notes that the State is not a "person" for § 1983 purposes, and an award of monetary damages against the State is inappropriate.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989).

Finally, even if the State was a proper party, nothing in Braverman's Complaint shows any act or omission by the State of New Mexico indicating that the State was involved in hands-on activity in violating Braverman's rights.  The United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009), specifically noted that defendants are only liable for their own acts or omissions, and may not be sued simply because they are in the chain of command.

Given the status of the law relating to Eleventh Amendment immunity, the definition of "person" under § 1983, and no allegations or evidence of "hands-on" involvement by the State, the Court is inclined to recommend dismissal with prejudice of Braverman's claims against the State.

**Order to Show Cause**

Braverman is directed to show cause, if any she has, why her claims for monetary damages against the State of New Mexico, Judge Sarah Singleton, and Special Master James Hall should not be dismissed with prejudice due to judicial/quasi judicial immunity; and further why her claims

4

against the State of New Mexico should not be dismissed due to Eleventh Amendment immunity along with the fact that the State is not a person for purposes of 42 U.S.C. § 1983.

Braverman's response to the Court's Order to Show Cause is due no later than May 10, 2013. Failure to file a response will result in the Court entering a recommendation to dismiss the remaining claims in this lawsuit with prejudice.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge