IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATE BRAVERMAN,

      Plaintiff,

  vs.                                                                No. CIV 11-0829 JB/LFG

STATE OF NEW MEXICO,
SARAH SINGLETON, and
JAMES HALL,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on Plaintiff Kate Braverman's letter to the Court (dated April 19, 2013), filed April 19, 2013 (Doc. 64)("Response"), in which Braverman responded to the Honorable Lorenzo F. Garcia's, United States Magistrate Judge's Order to Show Cause, filed April 19, 2013 (Doc. 63)("Order to Show Cause").

In the Order to Show Cause, Judge Garcia ordered Braverman to show cause, if any she had, why the Court should not dismiss her claims for monetary damages against Defendants Sarah Singleton, a state district court judge, and James Hall, the state court's special master, as a result of absolute and qualified immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1978); Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000). See also Cleavinger v. Saxner, 474 U.S. 193, 199 (1985)(citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967)). Judge Garcia noted that Braverman's allegations against Judge Singleton and Special Master Hall arose from the judicial officers' orders issued in a case pending before them and within their jurisdiction. See Order to Show Cause at 3. Thus, the claims are subject to dismissal.

Further, Judge Garcia ordered Braverman to show cause why the Court should not dismiss her claims for monetary damages against the State of New Mexico because of immunity under the Eleventh Amendment to the United States Constitution.  See Bd. of Trustees v. Garrett, 531 U.S. 356 (2001) (holding that the Eleventh Amendment bars suits against states for monetary damages under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12300); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  Finally, Judge Garcia ordered Braverman to show cause why the Court should not dismiss her lawsuit against the State of New Mexico because the State is not a "person" for 42 U.S.C. § 1983 purposes.  Will v. Mich. Dep't. of State Police, 491 U.S. 58, 66 (1989).

In response to Judge Garcia's Order to Show Cause, Braverman advises that she "wishes to have this matter abated and/or dismissed."  Response at 1.  The Defendants did not respond to the Order to Show Cause.  As Braverman did not show cause why the case should proceed, and, indeed, requested that the case be abated or dismissed, the Court now determines that it should dismiss her claims and causes of action against the Defendants Sarah Singleton.

**IT IS ORDERED** that Plaintiff Kate Braverman's First Amended Complaint, filed November 7, 2011 (Doc. 21), is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Kate Braverman
Santa Fe, New Mexico

 *Plaintiff pro se*

Gary K. King
   New Mexico Attorney General
Scott Fuqua
   Assistant State Attorney
State Attorney General's Office
Santa Fe, New Mexico

    *Attorneys for Defendants the State of New Mexico, Sarah Singleton, and James Hall*

Richard S. Lees
Richard S. Lees, P.A.
Santa Fe, New Mexico

    *Attorney for Intervenor Defendant Alan Goldstein*